| United States District Court | District | Massachusetts |
|---|---|---|

| Name | Prisoner No. | Case No. |
|---|---|---|
| Mark J. Patnod | Walpole #53785 | |

Place of Confinement: Massachusetts Correctional Institution - Cedar Junction, Walpole, Massachusetts

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Mark J. Patnod | V. David Nolan, Superintendent, Massachusetts Correctional Institution at Cedar Junction |

The Attorney General of the State of: Massachusetts

04 10865 GAO

MAGISTRATE JUDGE _Dein_

## PETITION

1. Name and location of court which entered the judgment of conviction under attack  <u>Massachusetts Superior Court, Worcester County, Massachusetts, December 3, 1990.</u>

2. Date of judgment of conviction  <u>December 3, 1990</u>

3. Length of sentence  <u>30 to 40 years on armed robbery charge; concurrent sentences of 18 to 20 years on charge of assault with intent to murder and 9 to 10 years each on charges of kidnapping, assault and battery with a dangerous weapon, and larceny of a motor vehicle.</u>

4. Nature of offense involved (all counts)  <u>Armed robbery, assault with intent to murder, kidnapping, assault and battery with a dangerous weapon, and larceny of a motor vehicle.</u>

5. What was your plea? (Check one)
   (a) Not guilty  ☒
   (b) Guilty  ☐
   (c) Nolo contendere  ☐

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

RECEIPT # 55616
AMOUNT $ _
SUMMONS ISSUED N/A
LOCAL RULE 4.1 _
WAIVER FORM _
MCF ISSUED _
BY DPTY. CLK. _TDM_
DATE 4/30/04

(2)

9. If you did appeal, answer the following:

   (a) Name of court __Massachusetts Appeals Court__

   (b) Result __Affirmed.__

   (c) Date of result and citation, if known __February 26, 2003; 57 Mass. App. Ct. 1110, 784 N.E.2d 50, 2003 WL 549058 (unpublished - citations are to table)__

   (d) Grounds raised __Failure to disclose material exculpatory evidence (agreements with two prosecution witness), in violation of the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution; failure to suppress identifications tainted by previous suggestive identifications, in violation of the Fifth, Sixth, and Fourteenth Amendments;__ (cont'd** below)

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court __Massachusetts Supreme Judicial Court__

   (2) Result __Petition for further appellate review denied.__

   (3) Date of result and citation, if known __April 30, 2003; 439 Mass. 1104, 787 N.E.2d 1058(table)__

   (4) Grounds raised __Same as those raised in the Appeals Court (described at #9(d), above).__

   **(cont'd from above): ineffective assistance of counsel at probable cause hearing and at trial, in violation of the Sixth and Fourteenth Amendments; prosecutorial misconduct;

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal: (cont'd) denial of discovery motions, in violation of the Fifth, Sixth, and Fourteenth Amendments.

   (1) Name of court __N/A__

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☒    No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court __Massachusetts Superior Court, Worcester County, Massachusetts__

    (2) Nature of proceeding __Motion for post-conviction relief, including motion for new trial; motions for discovery were filed in connection with same.__

    (3) Grounds raised __Same as those raised in Appeals Court and Supreme Judicial Court (see #9(d), above); motions were also made for discovery relating to undisclosed agreements with prosecution witnesses.__

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☒       No ☐

    (5) Result __Denied.__

    (6) Date of result __December 22, 2000, amended on January 8, 2001__

(b) As to any second petition, application or motion give the same information:

    (1) Name of court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐       No ☐

    (5) Result _____

    (6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.       Yes ☒      No ☐
    (2) Second petition, etc.    Yes ☐      No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
    <u>Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A.   Ground one: Conviction obtained by the unconstitutional failure of the prosecution to disclose to Mark Patnod evidence favorable to him (agreements between the Commonwealth and two prosecution witnesses), violating his rights to due process, a fair trial, and confrontation and cross-examination of witnesses, guaranteed by the 5th, 6th, and 14th Amendments to the U.S. Constitution.

Supporting FACTS (state *briefly* without citing cases or law) After his trial, Mr. Patnod learned that the Commonwealth had failed to disclose material exculpatory evidence, consisting of agreements between the Commonwealth and two of the three lay witnesses who testified against him. Under these agreements, the Commonwealth agreed to give favorable treatment to the witnesses, Susan Chaffee and Sheryl Watkins, on criminal charges pending against them, in exchange for their testimony against Mr. Patnod. In Ms. Watkins' case, the charges were dropped. In Ms. Chaffee's case, the proceedings were engineered so that she received a six to ten year committed sentence, one day before Mr. Patnod's trial (a fact that the prosecutor exploited both in Ms. Chaffee's examination and in his closing). By agreement, however, in exchange for her testimony against Mr. Patnod, Ms. Chaffee's sentence was revised and revoked approximately one month later, so that she did not serve any time. Prior to his trial, Mr. Patnod had filed specific requests for disclosure of exculpatory evidence (including agreements, promises, rewards, and inducements), but the Commonwealth failed to disclose its agreements with either Ms. Chaffee or Ms. Watkins.

B.   Ground two: Conviction obtained by unconstitutional identification procedures, violating Mr. Patnod's rights to due process, a fair trial, and confrontation and cross-examination of witnesses, guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution.

Supporting FACTS (state *briefly* without citing cases or law) The identification procedures were unconstitutional in two respects. First, the Commonwealth displayed a single photograph of Mr. Patnod to the victim, Daniel Archibald, under impermissibly suggestive circumstances. Although the trial court suppressed evidence of that particular identification, all subsequent identifications of Mr. Patnod by Mr. Archibald should have been suppressed as well, being "fruit of the poisonous tree." Second, all identifications of Mr. Patnod by Mr. Archibald and Ms. Watkins subsequent to the probable cause hearing should have been suppressed, as those witnesses first viewed Mr. Patnod at the probable cause hearing in impermissibly suggestive circumstances. He was led past them, in close proximity, before the hearing began. He was wearing prison garb, leg irons, and shackles, and was identified by name in open court, within the witnesses' hearing. The witnesses' subsequent identifications of Mr. Patnod were tainted by having viewed him in such prejudicial circumstances.

(5)

C.  Ground three: <u>Denial of effective assistance of counsel, in violation of Mr.</u>
<u>Patnod's rights under the Sixth and Fourteenth Amendments to the U.S. Constitution.</u>

Supporting FACTS (state *briefly* without citing cases or law) <u>Mr. Patnod's counsel at the probable</u> <u>cause hearing failed to take steps to prevent the suggestive circumstances described in Ground Two (preceding page). His trial counsel failed to provide effective assistance by: (a) failing to obtain the criminal records of prosecution witnesses, thereby foreclosing an entire subject of impeachment; (b) failing to obtain the victim's medical records or otherwise to develop facts about the victim's manic-depressive illness and medications, thereby foreclosing impeachment with regard to ability to observe, remember, etc., which would be particularly important in a case such as this, turning on eyewitness identification; (c) failure to make any attempt to compel Mr. Patnod's half-brother, Dwayne, whom two eyewitnesses had picked without hesitation from photo arrays and whose description matched those given by the eyewitnesses, to appear at trial so that jurors could have observed the differences between the two men; (d) failure to obtain an official transcript of the probable cause hearing, foreclosing impeachment; (e) failure to seek required finding of not (cont'd**)</u>

D.  Ground four: <u>Denial of access to materials sought in post-trial discovery (Commonwealth's files regarding the criminal charges against Ms. Chaffee and her co-defendant, relevant to Ground One), in violation of Mr. Patnod's rights to a fair trial, due process, and confrontation and cross-examination of witnesses under the 5th, 6th, and 14th Amendments to the U.S. Constitution.</u>

Supporting FACTS (state *briefly* without citing cases or law) <u>In connection with his motion for post-conviction relief, Mr. Patnod sought access to the contents of the Commonwealth's files on the criminal charges against Ms. Chaffee described in Ground One above (i.e., the charges as to which the Commonwealth and Ms. Chaffee reached an agreement that should have been, but was not, disclosed to Mr. Patnod before his trial). Mr. Patnod also sought to discover the contents of the Commonwealth's file with regard to Ms. Chaffee's co-defendant on the charge in question, Roland Gallant. These files could be expected to contain exculpatory evidence relevant to the existence of an agreement between the Commonwealth and Ms. Chaffee as of the time of Mr. Patnod's trial. Denial of access to these materials violated Mr. Patnod's rights to due process, a fair trial, and confrontation and cross-examination of witnesses.</u>

(**Ground Three, cont'd) <u>guilty; (f) failure to object to the prosecutor's unsupported assertions about Ms. Chaffee and a defense witness, Pearl Weeks, during closing, and failure to object to his unfair cross-examination of another defense witness, Gary Chaffee.</u>

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing <u>Herbert Bober, P.O. Box 267, North Chatham, MA 02650</u>

(b) At arraignment and plea <u>Leonard N. Mancuso, 152 Lynnway, Lynn, MA 01902</u>

(c) At trial __Leonard N. Mancuso (for address, see Item 15(b))__

(d) At sentencing __Leonard N. Mancuso (for address, see Item 15(b))__

(e) On appeal __Rosemary Curran Scapicchio, 4 Longfellow Place, Boston, MA 02114, originally appointed by Committee for Public Counsel Services; Eileen M. Hagerty, Kotin, Crabtree & Strong, LLP, One Bowdoin Square, Boston, 02114, appointed by CPCS as successor counsel.__

(f) In any post-conviction proceeding __Eileen M. Hagerty (for address, see Item 15(e))__

(g) On appeal from any adverse ruling in a post-conviction proceeding __Eileen M. Hagerty (for address, see Item 15(e))__

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
    Yes ☒         No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐         No ☒
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) Give date and length of the above sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐         No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

Eileen M. Hagerty (#216490)
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square, Boston, MA 02114
(617) 227-7031

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__4-28-04__
(date)

_____
Signature of Petitioner

(7)